**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

KEITH JEFFREY GOLOMB,

Defendant.

NO. 3:06-CR-0326

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Government's Motion to Stay Proceeding (Doc. 53) and Petitioner Keith Jeffrey Golomb's Motion for Release on Bond Pending Habeas Proceedings (Doc. 55). For the reasons that follow, the Government's Motion to Stay will be granted, and Golomb's Motion for Release on Bond will be denied.

## I. Background

### A.    Relevant Factual History

On November 30, 2006, Golomb pled guilty to an indictment charging him with four counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2133(a). A Presentence Report was prepared, in which Golomb was determined to be a career offender based on prior convictions under Pennsylvania law for simple assault and escape, with a sentencing guideline range between 151 to 188 months based on a total offense level of 29 and a criminal history category of VI. (*See* Doc. 48.) On May 3, 2007, the Court adopted the Presentence Report and sentenced Golomb as a career offender to 151 months on each count to be served concurrently. (Doc. 40.)

The Federal Bureau of Prisons currently projects that Golomb will be released on September 28, 2018. (Doc. 54, at 3.) The parties agree that if Golomb's § 2255 Motion is successful, the new guidelines range without the career offender enhancement would be 130 to 162 months. (Doc. 54, at 3.) And if Golomb was sentenced at the lowest end of that new range, he would be released. (*See* Doc. 58, at 8.)

**B.      Procedural History**

On May 23, 2016, Golomb filed a Motion pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).[1] (Doc. 48.) The Motion argues that Golomb was determined to be a career offender under the residual clause definition of a "crime of violence" used in the United States Sentencing Guidelines, and in light of *Johnson*, the residual clause is unconstitutional. *See* U.S.S.G. § 4B1.2(a)(2) (the "residual clause"). The Government filed its response (Doc. 53) on August 10, 2016, in which it moved to stay the case pending the Supreme Court's decision in *Beckles v. United States*. Golomb filed his reply (Doc. 54) on August 19, 2016, arguing against a stay or, in the alternative, for release on bond pending the Supreme Court's decision in *Beckles*. Golomb subsequently filed the instant Motion for Release on Bond (Doc. 55) on November 14, 2016. The Government filed its brief in opposition (Doc. 58) on December 6, 2016, and Golomb filed his reply (Doc. 59) on December 9, 2016. The Motions are ripe for disposition.

## II. Discussion

**A.      The Government's Motion to Stay Will Be Granted**

The Supreme Court is poised to decide in *Beckles v. United States* whether the Court's holding in *Johnson* extends to U.S.S.G. § 4B1.2(a)(2)[2], and whether that holding applies retroactively to collateral challenges of sentences enhanced under the residual clause. *See Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*,

---

[1]      The Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague under the Due Process Clause of the Fifth Amendment.

[2]      The Third Circuit has held that U.S.S.G. § 4B1.2(a)(2) is unconstitutional under *Johnson*. *United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2016). However, the *Calabretta* Court did not address whether its decision applied retroactively to cases on collateral review–a question which *Beckles* is expected to answer definitively. *See id.* at 137 n.10.

2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). Oral argument was held on November 28, 2016. The Government contends that the Supreme Court's decision in *Beckles* will likely be dispositive on the issue of whether Golomb may use the *Johnson* decision to collaterally attack his sentence, and therefore requests this Court to stay proceedings until that decision is issued. (Doc. 53.) The Court agrees that the *Beckles* decision will likely determine the result in this case. Accordingly, the Court will stay proceedings in this case until the Supreme Court issues its opinion in *Beckles*. *See also United States v. Macon*, No. 1:14-CR-71, 2016 WL 7117468, at *5 (M.D. Pa. Dec. 7, 2016) (staying case pending the decision in *Beckles*, and noting the Sixth and Second Circuits have ordered their district courts to hold such cases in abeyance pending the outcome of *Beckles*).

**B.    Petitioner's Motion for Release on Bond Pending Habeas Proceedings Will Be Denied**

Because the Court will issue a stay of the proceedings pending the Supreme Court's decision in *Beckles*, Golomb requests this Court to release him on bond pending resolution of his § 2255 Motion.

"There is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to allow bail to applicants pending the decision of their cases, but it is a power to be exercised very sparingly." *United States v. Kelly*, No. CR. 90-485-05, 1993 WL 86447, at *4 (E.D. Pa. Mar. 23, 1993). The Third Circuit has implicitly recognized that when a petitioner requests to be released on bail while his petition is pending in the district court, bail is available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*,

970 F.2d 1230, 1239 (3d Cir. 1992) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *see also Vega v. United States*, 514 F. Supp. 2d 767, 769-70 (W.D. Pa. 2007) (concluding that the two-prong *Calley* standard is the appropriate standard of review for a petitioner seeking bail while awaiting a decision on his petition pending in district court). Both a high probability of success on the merits and a showing of extraordinary circumstances are necessary to warrant release on bail pending resolution of a § 2255 motion. *See United States v. Blankenship*, Crim. No. 12-00641 HG-01, Civ. No. 16-cv-00229 HG-KSC, 2016 WL 3579077, at *4 (D. Haw. June 28, 2016) (citing *Landano*, 970 F.2d at 1239)); *Vega*, 514 F. Supp. 2d at 774-75. The "extraordinary circumstances" prong is satisfied only in "[v]ery few cases," and is generally "limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano*, 970 F.2d at 1239; *see, e.g.*, *Johnston v. Marsh*, 227 F.2d 528 (3d Cir.1955) (granting petitioner bail on the condition he enter a hospital and seek necessary medical care).

Golomb contends that his case presents an extraordinary circumstance justifying his release on bail. Specifically, Golomb argues that he would be released from prison if his § 2255 Motion is granted and the Court subsequently resentenced him to 130 months, which is the bottom of the non-career offender guideline range. (Pet'r's Br. in Supp. 5, Doc. 56.) The Government acknowledges that Golomb would be released if he was resentenced at the lowest end of the applicable non-career offender guideline range. However, the Government argues that, even if Golomb's § 2255 Motion is successful, it is uncertain whether the Court would in fact resentence him to a shorter term that would effectively result in his immediate release, and therefore there is no extraordinary circumstance in this case. Additionally, the Government argues that Golomb is not a good candidate for bail based on his prior history of disregarding the

conditions of his release. The Court agrees with the Government that Golomb has not demonstrated an extraordinary circumstance warranting his release on bail, and his Motion will therefore be denied.

### 1.    Extraordinary Circumstances

Habeas petitioners are rarely granted release on bail pending disposition of their petition. *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986). When a petitioner raises the impending completion of his sentence as an extraordinary circumstance warranting bail, he must demonstrate "existent circumstances which are actually extraordinary," rather than "*pro forma* allegations." *Vega v. United States*, 514 F. Supp. 2d 767, 775 (W.D. Pa. 2007). The existent extraordinary circumstance must make the grant of bail "necessary" in order to make the habeas remedy "effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992).

The Court concludes that the grant of bail is not necessary in order to make the remedy that Golomb seeks effective. Golomb is currently projected to be released on September 28, 2018. There is no contention that Golomb will inevitably complete his entire 151-month sentence prior to this Court's ruling on his pending Motion. If the Court grants Golomb's Motion post-*Beckles*, and if Golomb is in fact resentenced at the lower end of the non-career offender guideline range and thus due for immediate release, the collateral relief Golomb seeks will still be effective without his immediate release on bail. In such a scenario, Golomb would still be released substantially earlier than his current projected release date.

The Fifth Circuit's decision in *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968), cited with approval by the Third Circuit in *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992), proves instructive. In *Boyer*, the court granted the petitioner release on bail pending resolution of his habeas petition because his 120-day sentence was so short

that, if bail were denied, the defendant would have inevitably served the entirety of his sentence by the time his habeas petition was ruled upon. *See id.* at 968. This situation constituted an extraordinary circumstance because the defendant's habeas petition "could not conceivably proceed through the court system prior to the completion of his sentence." *Vega*, 514 F. Supp. 2d at 775 (discussing *Boyer*). Unlike the defendant in *Boyer*, Golomb's sentence is not so short that it makes post-conviction relief effectively unobtainable. Moreover, there is no reason to doubt whether Golomb's § 2255 Motion will proceed through the court system well before his projected release date of September 28, 2018. Furthermore, even if Golomb is resentenced as a non-career offender, it is far from certain that he would be immediately eligible for release from prison. His current sentence still falls well within the projected non-career offender guideline range of 130 to 162 months. *Cf. Jordan v. United States*, No. 15-02294, 2016 WL 6634854, at *3 (C.D. Ill. Nov. 9, 2016) (finding an extraordinary circumstance existed when petitioner's non-career offender guideline range would be 70-87 months, and petitioner had already served 153 months based on his career-offender status).

Further, the Court finds that Golomb is not a good candidate for release on bond. Between 1988 and 2002, Golomb was found to have violated his parole, had his parole revoked multiple times and was imprisoned, twice failed to surrender for service of weekend imprisonment, and was convicted of escape for failing to report to work when released from the Luzerne County Correctional Facility and failing to return to the correctional facility.

Accordingly, the Court concludes that Golomb's situation does not present an extraordinary circumstance warranting the rare remedy that he seeks. And because Golomb does not satisfy the extraordinary circumstances prong of the *Calley* standard, the Court need not address whether Golomb has raised a substantial constitutional

claim upon which he has a high probability of success.

### III. Conclusion

For the above stated reasons, the Government's Motion to Stay Proceeding is GRANTED. The case is hereby STAYED pending the Supreme Court's decision in *Beckles v. United States*. Golomb's Motion for Release on Bond Pending Habeas Proceedings is DENIED.

An appropriate order follows.


January 9, 2017                                             /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                              United States District Judge